UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SUSAI MANICKAM FRANCIS, aka
Francis Susai Manickam,

        Petitioner,

   v.

CHAD WOLF, Acting Secretary, U.S.
Department of Homeland Security, et al.,

        Respondents.

20-CV-492
ORDER

---

On April 28, 2020, the petitioner, Susai Manickam Francis, a civil immigration detainee held in the custody of the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") at the Buffalo Federal Detention Facility in Batavia, New York ("BFDF"), filed an "Emergency Petition for Writ of Habeas Corpus and Complaint for Injunctive Relief." Docket Item 24. The petitioner also filed a motion for a temporary restraining order ("TRO"). *See* Docket Item 25. Francis alleges that his continued civil detention in the wake of the COVID-19 pandemic violates his substantive rights under the Due Process Clause of the Fifth Amendment to the United States Constitution, and he seeks his immediate release from ICE custody. Docket Item 1 at 18-20. Francis claims that his "[d]etention poses a grave risk" to his health and safety because he "exhibits several risk factors for severe complications from COVID-19 including diabetes, high blood pressure, being over 50, and his history of smoking." *Id.* at 2.

On April 29, 2020, this Court ordered the respondents to "show cause . . . why the Due Process violations identified this Court's prior decision and order in *Jones v.*

*Wolf*, No. 20-CV-361, 20 WL 1643857 (W.D.N.Y. Apr. 2, 2020), does not extend to the petitioner in this action." *See* Docket Item 26 at 2.

On May 1, 2020, the respondents moved to dismiss the petition because Francis had been placed in his own cell. *See* Docket Item 33; *see also* Docket Item 34-1 at 3. The respondents did not dispute that Francis meets the criteria for COVID-19 vulnerability endorsed by the Centers for Disease Control and Prevention ("CDC"). *See* Docket Item 33. On May 3, 2020, Francis replied, reasserting his request for release. *See* Docket Item 34. This Court heard argument from both sides on May 4, 2020.

## DISCUSSION

The respondents do not contest Francis's assertion that because of his diabetes he meets the CDC's definition of medical vulnerability. *See* Docket Item 33; *see also Jones*, 20 WL 1643857 at *8 (taking "judicial notice that, for people of advanced age, with underlying health problems, or both, COVID-19 causes severe medical conditions and has increased lethality" (quoting *Basank v. Decker*, 2020 WL 1481503, at *3 (S.D.N.Y. Mar. 26, 2020)); *id.* ("[H]igh-risk conditions could include . . . [p]eople with diabetes." (quoting *People who are at higher risk for severe illness*, Ctrs. for Disease Control and Prevention (March 31, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html?CDC_AA_refVal=https% 3A% 2F% 2Fwww.cdc.gov% 2Fcoronavirus% 2F2019-ncov% 2Fspecific-groups% 2Fhigh-risk-complications.html)). This Court therefore assumes that Francis is at a higher risk of developing serious complications if he contracts COVID-19 and that he therefore has demonstrated a likelihood of succeeding on the merits of his claim that holding him in conditions that do not facilitate "social-distancing" measures would violate his Fifth

Amendment right to reasonably safe conditions of confinement.  *See id.*at *12.  For the same reasons, Francis also has demonstrated irreparable harm and that the balance of equities and the public interest weigh in his favor.  *See id.* at *13-14.  But these findings do not end the matter.

In *Jones*, this Court explained that the Due Process violation "stem[med] from [the respondents'] failing to take the steps recommended by public health officials to protect high-risk individuals from contracting COVID-19."  *Id.* at *1.  Stated differently, "the respondents [were] acting with deliberate indifference to the health and safety of those petitioners with the conditions identified by the CDC *by holding them in a congregate, communal-living setting where social distancing is an oxymoron*."  *Id.* at *12 (emphasis added) (citations omitted).  But if the respondents could provide petitioners identified as vulnerable by the CDC with a living situation that facilitated "social distancing," the violation would be rectified and judicially-ordered release would not be necessary.  *Id.* at *14-15.  That is the case here.

By removing Francis from the dormitory-style living found wanting in *Jones* and placing him in his own cell, the respondents largely rectified any Due Process violation.  And the following additional measures taken by the respondents will better enable Francis to practice  "the 'social distancing' measures promulgated by the CDC and the New York State Department of Health: placement in [a] single-occupancy cell[ ]; accommodation to eat meals in th[at] cell[ ] and to bathe and shower in isolation; the provision, without charge, of sufficient shower disinfectant, masks, and ample soap; and the requirement that all BFDF staff and officers wear masks *whenever* interacting with

the[ ] petitioner[ ]." *Ramsundar v. Wolf*, No. 20-CV-361, 2020 WL 1809677, at *4 (W.D.N.Y. Apr. 9, 2020) (footnote omitted) (emphasis in original).

Francis therefore is not entitled to the specific relief he seeks—that is, his release. But because the respondents did not undertake to provide Francis with his own cell until after he filed the instant petition and because the risks to Francis posed by COVID-19—and therefore of removing any of the protections currently afforded him—persist, the Court grants the TRO in part. The respondents are enjoined from withdrawing any of the above-identified "social distancing" measures for the length of this TRO.

## ORDER

In light of the above, IT IS HEREBY

ORDERED that the Francis's motion for a TRO, Docket Item 25, is GRANTED IN PART and DENIED IN PART; and it is further

ORDERED that the respondents are restrained from ending any of the following "social distancing" and other protective measures with respect to the petitioner: placement in a single-occupancy cell; accommodation to eat meals in that cell and to bathe and shower in isolation; the provision, without charge, of sufficient shower disinfectant, masks, and ample soap; and the requirement that all BFDF staff and officers wear masks *whenever* interacting with the petitioner; and it is further

ORDERED that the respondents and the petitioner shall **show cause on or before May 15, 2020, why this temporary restraining order should not be converted into a preliminary injunction**.

SO ORDERED.

Dated:   May 5, 2020
         Buffalo, New York

                              */s/ Lawrence J. Vilardo*
                              LAWRENCE J. VILARDO
                              UNITED STATES DISTRICT JUDGE